Gordon v. Norman.

*J. Brownlee*, for the appellants.

---

## GORDON v. NORMAN.

PRACTICE IN SUPREME COURT.—Where there is evidence which tends to sustain the finding of the Court below, this Court will not reverse the judgment of that Court for alleged error in refusing a new trial on account of insufficiency of the evidence.

APPEAL from the *Howard* Circuit Court.

*Per Curiam.*—Action by the appellee, who was the plaintiff, against *Gordon*, upon a note for the payment of 800 dollars. The note bears date *October* 18th, 1857, and was payable on or before the 25th of *December*, 1859, to one *Brittain Larue*, who assigned it to the plaintiff. Defendant answered that the note was given to *Larue* for a part of the purchase money of a tract of land, which is described, and which was sold by him to the defendant. It is averred that *Larue*, at the time of the sale, represented to defendant that there was of cleared land upon the tract between forty-five and fifty acres; and defendant, relying upon the representation so made, and believing it to be true, was induced to and did purchase said land at the price and for the sum of 3,000 dollars; when in truth there were but thirty acres of cleared land

on said tract when it was so purchased, which *Larue*, at the time of said sale, well knew. And defendant, in fact, says that, by reason of the false representation so made, he has been damaged 300 dollars, which he claims to have deducted from the amount due on the face of the note. Plaintiff replied by a denial. The Court tried the issues and found for the plaintiff the full amount of the note and interest, &c. New trial refused and judgment.

The only error upon which the appellant relies for a reversal is, that the finding is not sustained by the evidence. We are not inclined to reverse upon that ground; because, having looked into the evidence, which is to some extent conflicting, we find that there was evidence which tended to support the finding of the Court, and that being the case, it was for the Court, sitting as a jury, to reconcile the conflict, and having done so, we will not disturb its conclusions.

The judgment is affirmed, with costs and 3 per cent. damages.

*N. R. Lindsay*, for the appellant.